UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

LIUBOV FURSENCO,

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC.,
MIDLAND CREDIT MANAGEMENT, INC.,
CKS PRIME INVESTMENTS, LLC, and
TRANS UNION, LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, LIUBOV FURSENCO (hereinafter "Plaintiff"), alleges violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), MIDLAND CREDIT MANAGEMENT, INC. ("Midland"), CKS PRIME INVESTMENTS, LLC ("CKS"), and TRANS UNION, LLC ("Trans Union") (collectively "Defendants").

**JURISDICTION**

    1.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

2. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

3. Venue is proper in this district as Plaintiff is a natural person and a resident of Lake County, Florida; the violations described in this complaint occurred in this district; and Defendants transact business within this district.

## **PARTIES**

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

5. Experian is a foreign profit corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626, and whose registered agent in the State of Florida is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

6. Trans Union is a foreign limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661, and whose registered agent in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

7. Experian and Trans Union are "consumer reporting agencies," as defined by 15 USC § 1681(f), as they are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

8. Experian and Trans Union disseminated, disbursed, and/or published consumer reports concerning Plaintiff to third parties under contract for monetary compensation.

9. Midland is a foreign profit corporation with its principal place of business located at 350 Camino De La Reina, Suite 100, San Diego, CA 92108 and whose registered agent in the State of Florida is Midland Funding, LLC, 13008 Telecom Dr., Suite 350, Tampa, FL 33637.

10. CKS is a foreign profit limited liability company with its principal place of business located at 1800 Route 34 North, Building #3, Suite 305C, Wall, NJ 07719 and whose registered agent in the State of Florida is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

11. Midland and CKS are "furnishers of information" under 15 U.S.C. § 1681s-2 because they are entities who regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about transactions or experiences with consumers.

### FACTUAL ALLEGATIONS

12. Starting in or around April of 2023, after discovering several inaccuracies on her consumer reports, Plaintiff sent detailed dispute letters (the "Dispute Letters") to Experian and Trans Union in attempts to have the inaccurate information on her consumer reports corrected and/or removed.

13. To confirm her identity, a copy of Plaintiff's driver's license was included in the Dispute Letters. Further, Plaintiff provided images of her new apartment lease to show her current address.

14. Upon information and belief, Experian and Trans Union both sent the Dispute Letters to Midland and CKS. However, Midland and CKS failed to conduct reasonable investigations and merely compared their erroneous data to the information they had previously furnished.

15. Subsequent to sending the Dispute Letters, Plaintiff received responses from Experian and Trans Union indicating that an account with CKS, Account No.: 1607XXXX (the "CKS Account") and an account with Midland, Account No.: 31725XXXX (the "Midland Account") were "verified as accurate" and would remain on her consumer reports.

16. Specifically, the CKS Account was reported as a collection account with a balance of $16,550.00 and the Midland Account was reported as a collection account with a balance of $1,414.00. This inaccurate furnishing and reporting significantly reduced Plaintiff's credit scores.

17. Upon information and belief, Experian and Trans Union both failed to conduct reasonable independent investigations and simply parroted back the inaccurate verification of information provided by Midland and CKS.

18. Plaintiff then obtained copies of her Experian and Trans Union consumer reports, and upon review, the CKS Account and the Midland Account

were still reported as collection accounts with open balances. Again, this inaccurate furnishing and reporting significantly reduced her credit scores.

19. Moreover, the inaccurate information concerning the CKS Account and the Midland Account on Plaintiff's credit file was published, disseminated, and/or disbursed to third-parties by Experian and Trans Union.

20. Despite Plaintiff providing Defendants with all of the relevant information needed to show the CKS Account and the Midland Account were discharged debts, they failed to conduct reasonable investigations and continued to furnish/report information inaccurately.

21. As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiff experienced significant injury, including without limitation, reduced credit scores, financial loss, loss of personal time, emotional distress, stress, anxiety, worry, fear, frustration, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### as to Experian

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the

information used in the preparation of the consumer reports and/or credit files it published and/or maintained concerning Plaintiff.

24. Upon information and belief, Experian, as a matter of policy and procedure, does not allow its dispute investigators to contact consumers to clarify or to gather more evidence in relation to consumer disputes.

25. As a direct and proximate result of this action and/or inaction by Experian, Plaintiff experienced significant injury, including without limitation, reduced credit scores, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

26. Experian's actions and/or inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o.

27. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

### COUNT II
### Violations of 15 U.S.C. § 1681i
### as to Experian

28. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

29. After receiving the Dispute Letters, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations to determine whether the disputed information in Plaintiff's credit file was accurate; (ii) failing to consider all relevant information submitted in the Dispute Letters; (iii) failing to maintain reasonable procedures with which to filter and/or verify disputed information in Plaintiff's credit file; and/or (iv) by failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

30. Plaintiff repeatedly provided Experian with the information it needed to confirm that the CKS Account and the Midland Account were not accurate. Despite doing so, Experian continued to report the CKS Account and the Midland Account as delinquent collection accounts.

31. As a direct and proximate result of this action and/or inaction by Experian, Plaintiff experienced significant injury, including without limitation, reduced credit scores, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

32. Experian's actions and/or inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

33. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681e(b) as to Trans Union

34. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

35. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information used in the preparation of the consumer reports and/or credit files it published and/or maintained concerning Plaintiff.

36. Upon information and belief, Trans Union, as a matter of policy and procedure, does not allow its dispute investigators to contact consumers to clarify or to gather more evidence in relation to consumer disputes.

37. As a direct and proximate result of this action and/or inaction by Trans Union, Plaintiff experienced significant injury, including without limitation, reduced credit scores, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

8

38. Trans Union's actions and/or inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

39. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Trans Union, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i
### as to Trans Union

40. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

41. After receiving the Dispute Letters, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations to determine whether the disputed information in Plaintiff's credit file was accurate; (ii) failing to consider all relevant information submitted in the Dispute Letters; (iii) failing to maintain reasonable procedures with which to filter and/or verify disputed information in Plaintiff's credit file; and/or (iv) by failing to promptly delete,

9

modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

42. Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the CKS Account and the Midland Account were not accurate. Despite doing so, Trans Union continued to report the CKS Account and the Midland Account as delinquent collection accounts.

43. As a direct and proximate result of this action and/or inaction by Trans Union, Plaintiff experienced significant injury, including without limitation, reduced credit scores, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

44. Trans Union's actions and/or inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Trans Union, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT V
## Violations of 15 U.S.C. § 1681s-2(b)
## as to CKS

46. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

47. After receiving the Dispute Letters, CKS violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate the Dispute Letters; (ii) failing to properly review all relevant information and/or its own file with regard to the Dispute Letters; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information disputed by Plaintiff.

48. As a direct and proximate result of CKS's actions and/or inactions, Plaintiff experienced significant injury, including but not limited to, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

49. CKS's conduct described herein was willful, entitling Plaintiff to recover damages under 15 U.S.C. § 1681n. In the alternative, its conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from CKS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CKS, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681s-2(b) as to Midland

51. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

52. After receiving the Dispute Letters, Midland violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate the Dispute Letters; (ii) failing to properly review all relevant information and/or its own file with regard to the Dispute Letters; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information disputed by Plaintiff.

53. As a direct and proximate result of Midland's actions and/or inactions, Plaintiff experienced significant injury, including but not limited to, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

54. Midland's conduct described herein was willful, entitling Plaintiff to recover damages under 15 U.S.C. § 1681n. In the alternative, its conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

12

55. Plaintiff is entitled to recover costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Midland, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

Respectfully submitted,

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers, PLLC
412 E. Madison St., Ste. 916
Tampa, FL 33602
Telephone: 813-299-8537

13

Facsimile: 844-951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com


**/s/ Christopher Legg**
Christopher W. Legg, Esq.
Florida Bar #: 0044460
Telephone: 954-962-2333
Primary Email:
Chris@theconsumerlawyers.com

*Attorneys for Plaintiff*