IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LIUBOV FURSENCO,

     Plaintiff,

v.                                     Case 5:23-cv-00344-JSM-PRL

EXPERIAN INFORMATION SOLUTIONS,
INC., MIDLAND CREDIT MANAGEMENT,
INC., CKS PRIME INVESTMENTS, LLC, and
TRANS UNION, LLC,

     Defendants.

_____/

**MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

     Defendant Midland Credit Management, Inc. ("MCM" or "Defendant") answers each paragraph of the Complaint filed by Plaintiff Liubov Fursenco ("Fursenco" or "Plaintiff") and asserts defenses and affirmative defenses as follows:

**JURISDICTION**

     1.    MCM admits that Plaintiff purports to bring claims under the Fair Credit Reporting Act ("FCRA"). MCM denies any and all liability or wrongdoing asserted in the Complaint, including but not limited to any allegations that it violated the FCRA. MCM states that Paragraph 1 calls for a legal conclusion. Without waiving this objection, Midland admits that this Court has subject matter jurisdiction based on the allegations of the Complaint, but denies any and all purported liability asserted against it.

2.      MCM states that Paragraph 2 of the Complaint calls for a legal conclusion. Without waiving this objection, MCM admits only that this Court is the proper venue based on the allegations of the Complaint.

3.      MCM states that Paragraph 3 of the Complaint calls for a legal conclusion. Without waiving this objection, MCM admits only that venue is proper based on the allegations of the Complaint..

## PARTIES

4.      MCM states that Paragraph 4 of the Complaint calls for a legal conclusion. Without waiving this objection, MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      MCM states that Paragraph 7 of the Complaint calls for a legal conclusion. Without waiving this objection, MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      MCM is without knowledge of information sufficient to form a belief

as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Admitted that MCM is incorporated under the laws of Kansas, its principal place of business is in California, and its mailing address is 350 Camino De La Reina, Suite 100 San Diego,  California 92108. Further admitted that MCM's registered agent in the State of Florida is Midland Funding, LLC, 13008 Telecom Dr., Suite 350, Tampa, Florida 33637 .

10.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.     MCM states that Paragraph 11 of the Complaint calls for a legal conclusion. Without waiving this objection, MCM admits to furnishing various information to one or more consumer reporting agencies in the ordinary course of business.

## **FACTUAL ALLEGATIONS**

12.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Denied to the extent the allegations in Paragraph 14 relate to MCM.

MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations directed to CKS and therefore denies them.

15.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint as it relates to the allegations directed to Experian and Trans Union and therefore denies them. MCM denies Plaintiff's claim that MCM engaged in inaccurate reporting and that any reporting from MCM reduced Plaintiff's credit score.

18.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint as it relates to Plaintiff's alleged actions  and therefore denies them.  MCM denies Plaintiff's claim that MCM engaged in inaccurate reporting and that any reporting from MCM reduced Plaintiff's credit score.

19.     MCM is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.     Denied to the extent the allegations in Paragraph 20 relates to MCM.

MCM is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and therefore denies them.

21.     Denied with respect to any allegations directed to MCM.   MCM without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### as to Experian

22.     MCM realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

23.     MCM states that Paragraphs 23 through 27 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

24.     MCM states that Paragraphs 23 through 27 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

25.     MCM states that Paragraphs 23 through 27 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

26.     MCM states that Paragraphs 23 through 27 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information

to form a belief as to the truth of these allegations and therefore denies them.

27.    MCM states that Paragraphs 23 through 27 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b)
### as to Experian

28.    MCM realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

29.    MCM states that Paragraphs 29 through 33 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

30.    MCM states that Paragraphs 29 through 33 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

31.    MCM states that Paragraphs 29 through 33 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

32.    MCM states that Paragraphs 29 through 33 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

33.    MCM states that Paragraphs 29 through 33 are directed to Defendant Experian Information Solutions, Inc. MCM is without knowledge or information

to form a belief as to the truth of these allegations and therefore denies them.

## COUNT III
### Violations of 15 U.S.C. § 1681e(b)
### as to Trans Union

34.     MCM realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

35.     MCM states that Paragraphs 35 through 39 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

36.     MCM states that Paragraphs 35 through 39 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

37.     MCM states that Paragraphs 35 through 39 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

38.     MCM states that Paragraphs 35 through 39 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

39.     MCM states that Paragraphs 35 through 39 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

## COUNT IV
### Violations of 15 U.S.C. § 1681i
### as to Trans Union

40.    MCM realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

41.    MCM states that Paragraphs 41 through 45 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

42.    MCM states that Paragraphs 41 through 45 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

43.    MCM states that Paragraphs 41 through 45 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

44.    MCM states that Paragraphs 41 through 45 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

45.    MCM states that Paragraphs 41 through 45 are directed to Defendant Trans Union, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

**COUNT V**
**Violations of 15 U.S.C. § 1681s-2(b)**
**as to CKS**

46.    MCM realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

47.     MCM states that Paragraphs 47 through 50 are directed to Defendant CKS Prime Investments, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

48.     MCM states that Paragraphs 47 through 50 are directed to Defendant CKS Prime Investments, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

49.     MCM states that Paragraphs 47 through 50 are directed to Defendant CKS Prime Investments, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

50.     MCM states that Paragraphs 47 through 50 are directed to Defendant CKS Prime Investments, LLC. MCM is without knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

**COUNT VI**
**Violations of 15 U.S.C. § 1681s-2(b)**
**as to Midland**

51.     MCM realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

**GENERAL DENIAL**

All allegations of the Complaint not expressly admitted above are denied.

## AFFIRMATIVE DEFENSES

MCM asserts the following affirmative defenses to the Complaint:

### Affirmative Defense No. 1

For its first affirmative defense, MCM asserts the Complaint should be dismissed because it fails to state a claim against it upon which relief can be granted. Plaintiff wholly fails to provide adequate notice regarding how MCM failed to fulfill its investigation obligations under the FCRA.

### Affirmative Defense No. 2

For its second affirmative defense, MCM asserts that, to the extent Plaintiff suffered damages (which MCM specifically denies as it relates to it), any purported damages were not caused by MCM but by a third party for which MCM is not responsible or liable.

### Affirmative Defense No. 3

As for its third affirmative defense, MCM asserts that Plaintiff failed to use reasonable efforts to mitigate her damages.

### Affirmative Defense No. 4

As for its fourth affirmative defense, Midland asserts that Plaintiff cannot meet the requirements of 15 U.S.C §1681n to recover punitive or statutory damages.

### Affirmative Defense No. 5

As and for its fifth affirmative defense, MCM asserts that Plaintiff has suffered no actual damages due to the conduct of MCM.

### Affirmative Defense No. 6

As and for its sixth affirmative defense, MCM asserts that that it performed a reasonable investigation related to any disputes it received within the meaning of the FCRA.

## Affirmative Defense No. 7

To the extent Plaintiff has experienced any actual damages, such damages were the result of a superseding and/or intervening cause for which Defendant is not legally responsible.

## Affirmative Defense No. 8

To the extent any liability is established, Plaintiff's claims, in whole or in part, are subject to a setoff for the amount due to Defendant for the debt.

## Reservation of Rights

MCM hereby reserves its right to amend its Affirmative Defenses to the extent additional information is obtained, though discovery or otherwise.

WHEREFORE, having fully responded to the Complaint, MCM prays that:

(1)    The Complaint be dismissed with prejudice and all costs be taxed against Plaintiff;

(2)    That MCM be dismissed as a party to this action;

(3)    That this action be deemed to have been filed in bad faith or for the purposes of harassment and that MCM recover from Plaintiff its expenses of litigation, including but not limited to its attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)    That MCM recover such additional relief as this Court deems is just

and proper.


Dated: August 21, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Cory W. Eichhorn*
Cory.eichhorn@hklaw.com
Bar No. 576761
701 Brickell Avenue
Suite 3300
Miami, FL 33131
305-374-8500 (Telephone)
305-789-7799 (Facsimile)
ATTORNEY FOR MIDLAND
CREDIT MANAGEMENT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system to all counsel of record as indicated below on this 21st day of August, 2023.

Octavio Gomez, Esquire
The Consumers Lawyers, PLLC
Florida Bar No. 0338620
412 E. Madison Street
 Suite 912
Tampa, FL 33602
Telephone: (813) 299-8537
Tav@theconsumerlawyers.com
Secondary: Lisa@theconsumerlawyers.com

Christopher W. Legg, Esquire
The Consumers Lawyers, PLLC
Florida Bar No. 0044460
Chris@theconsumerslawyers.com
954-962-2333l
ATTORNEYS FOR PLAINTIFF

_/s/ Cory W. Eichhorn_